IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL WALLACE CRENSHAW**, | Case No. 1:20-cv-00576-IM |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| **KLAMATH COUNTY DETENTION CENTER**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiff Michael Wallace Crenshaw ("Crenshaw") brings this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging that Klamath County Detention Center staff denied him "worker status" in violation of his constitutional rights, and discriminated against him on the basis of disability in violation of the Americans with Disabilities Act ("ADA"). This Court previously granted Crenshaw leave to proceed *in forma pauperis*. For the reasons set forth below, this Court dismisses Crenshaw's Complaint (ECF No. 2) and denies his Motion for Appointment of Counsel (ECF No. 4).

**STANDARDS**

PAGE 1 – ORDER OF DISMISSAL

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, a plaintiff must allege facts which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Crenshaw is proceeding as a self-represented litigant, and therefore this Court construes the pleadings liberally and affords Crenshaw the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## BACKGROUND

Crenshaw alleges that in January 2020, he obtained employment in KCDC which allowed him to earn "work time" credits off of his sentence and extra visitation time while in custody. (Compl., ECF No. 2 at 6.)  Crenshaw alleges that soon thereafter, jail staff told him he could no longer work because he was "a liability," but that he could nevertheless maintain his "worker status" and its attendant benefits. (*Id.*)  Crenshaw enjoyed the benefits of this arrangement for several weeks before an apparent rule violation resulted in the imposition of disciplinary sanctions that included the revocation of his worker status. (*Id.*)  Crenshaw alleges that he subsequently applied to have his worker status reinstated, but was denied because he did not have medical clearance to work due to osteoporosis in his left hip. (Attach., ECF No. 2-1, at 5; Ex. 1, ECF No. 2-2, at 1–5, 10.)  Crenshaw alleges that medical staff has not conducted a physical examination to preclude him from working in the jail, but that he is ready and willing to work. (Attach., at 1.) Crenshaw thus concludes that he is "work eligible," but alleges jail staff continually refuse to

PAGE 2 – ORDER OF DISMISSAL

provide him with "a light duty job or [to] accommodate [him] somehow as to earn . . . workers status and . . . work [time]." (*Id.* at 6.)

## DISCUSSION

Actions initiated pursuant to Section 1983 require the presence of two essential elements: (1) that a person acted under the color of state law, and (2) that his or her conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see also Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc) (noting the Court reaches the issue of defendants' Section 1983 liability only if defendants acted under color of state law, and the conduct deprived plaintiff of a constitutional right).

Crenshaw brings this action against KCDC and several of its officers and officials, alleging they violated his constitutional rights under the Eighth and Fourteenth Amendments by denying him a job while in custody, thereby denying him the opportunity to earn time off of his sentence. To the extent Crenshaw alleges Defendants' conduct violated his due process rights under the Fourteenth Amendment, "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972). Crenshaw therefore must allege that he was deprived of an identifiable "liberty or property interest protected by the constitution." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000). The Ninth Circuit, however, has previously held that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)). Crenshaw therefore fails to state a claim under the due process clause. Moreover, to the extent Crenshaw attempts to bring an equal protection claim under the Fourteenth Amendment, he fails to state a claim because he

has not alleged that any of the defendants "acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *see also Pierce v. County of Orange*, 526 F.3d 1190, 1225 (9th Cir. 2008) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)) (noting that disability does not constitute a suspect class for equal protection purposes).

To the extent Crenshaw attempts to bring a claim under the Eighth Amendment, he fails to state a claim because he does not allege facts to support a reasonable inference that (1) the denial of prison employment posed a substantial risk of serious harm or deprived him of the "minimal civilized measure of life's necessities," and (2) Defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that an Eighth Amendment claim requires that the prisoner's conditions of confinement resulted in the denial of the minimal civilized measure of life's necessities or posed a substantial risk of serious harm, and that the defendants acted with deliberate indifference to the prisoner's health or safety); *see also Bauman v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985) (holding that a general limitation on jobs and educational opportunities is not considered punishment under the Eighth Amendment).

In addition to the constitutional claims addressed above, Crenshaw alleges the defendants' refusal to accommodate him by providing him with a light duty job or an alternative method of earning time off of his sentence constitutes discrimination under the ADA. To bring an ADA claim, Crenshaw must set forth a separate claim for relief containing facts to support a reasonable inference that (1) he is an individual with a disability; (2) he is otherwise qualified; and (3) the defendant's conduct either excluded his participation in or denied him the benefits of a service, program or activity or otherwise subjected him to discrimination on the basis of his disability. *Duffy v. Riveland*, 98 F.3d 447, 455 (9th Cir. 1996). A person is "otherwise qualified" if he or she,

PAGE 4 – ORDER OF DISMISSAL

"with or without reasonable modifications to rules, policies, or practices . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). Crenshaw asserts he is "work eligible" because he is willing to work, but provides no facts to support a reasonable inference that he was "otherwise qualified" for employment while in custody in KCDC. See *Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" (internal quotations omitted)). Accordingly, Crenshaw fails to state a claim under the ADA.

## CONCLUSION

Based on the foregoing, this Court DISMISSES Crenshaw's Complaint (ECF No. 2) for failure to state a claim. Crenshaw may file an amended complaint, within thirty days of the date of this Order, curing the deficiencies noted above. Failure to file an amended complaint will result in the dismissal of this proceeding, with prejudice.

This Court DENIES Crenshaw's Motion for Appointment of Counsel (ECF No. 4) because he has demonstrated a sufficient ability to articulate his claims in light of the complexity of the case and, at this stage of the proceeding, has failed to demonstrate a likelihood of success on the merits. See *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Crenshaw may renew his request for counsel at a later stage of the proceeding.

**IT IS SO ORDERED.**

DATED this 2nd day of June, 2020.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge